## Bell *v*. Ricketson, Appellant.

*Wills—Fees—Devise over—Death of first taker.*

A will which provides "the remainder of my estate I should like divided into three portions, and given one third to each child," and in event of "the death of all my children without heirs, I wish my property divided between my sister's children" and also "in case of the death of any of the three, without children of his or her own, such property must go to the surviving brother or sister" and finally directs, "But in case of the death of all my children without family and without a will all possessions are to return to my own family" gives to the children, who survived the testator, estates in fee simple, inasmuch as the provisions of the will contemplate a death or deaths of the children within the lifetime of the testatrix.

Argued Oct. 28, 1910. Appeal, No. 175, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third T., 1910, No. 261, for plaintiff in case of A. Marshall Bell v. John H. Ricketson, Jr. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine the marketability of title to property in Stowe township.

SWEARINGEN, P. J., filed the following opinion:

Emma M. Bell died testate on August 8, 1896, seized of certain real estate in Stowe township, Allegheny county, Pennsylvania. Her will was dated September 15, 1891, and after her death was duly probated, and now remains on file in the register's office of Allegheny county, Pennsylvania, and is recorded in Will Book, vol. 51, p. 471. At the time of her decease the said Emma M. Bell was a widow. She left surviving her one daughter, Mary Marshall Bell, now intermarried with Carroll Hamilton Fitzhugh, and two sons, Arthur W. Bell, now unmarried, and A. Marshall Bell, who is married, and no other children or heirs at law.

After the death of the said testatrix, Mary Bell Fitz-

hugh and her husband, A. Marshall Bell and wife, and Arthur W. Bell, by their deed of partition, dated July 31, 1908, and of record in the recorder's office of said county of Allegheny, in Deed Book, vol. 1596, p. 380, divided among themselves the aforesaid real estate, of which the said A. Marshall Bell received, inter alia, lots numbered 362, 364, 366 and 368 in block "N" of Thompson Bell's Plan of Lots, which is recorded in the recorder's office of said county of Allegheny in Plan Book, vol. 6, p. 287, being together bounded and described as follows, to wit:

"Beginning at a point on the northerly side of Belle Avenue on the line dividing lots numbered three hundred and sixty (360) and three hundred and sixty-two (362); thence in a westerly direction along said side of Belle Avenue, eighty (80) feet to the line dividing lots numbered three hundred and sixty-eight (368) and three hundred and seventy (370) in said plan; thence along said dividing line in a northerly direction one hundred and twenty (120) feet to the southerly side of Pine Alley; thence in an easterly direction along said side of Pine Alley, eighty (80) feet to the line dividing lots numbered three hundred and sixty (360) and three hundred and sixty-two (362) in said plan; thence in a southerly direction along said dividing line one hundred and twenty (120) feet to the northerly side of Belle Avenue, at the place of beginning."

The said A. Marshall Bell has agreed to sell and convey, by deed of general warranty in fee simple, the said lots hereinbefore described, to John H. Ricketson, Jr., for the sum of $2,500, and has tendered to said Ricketson a proper deed therefor, but said John H. Ricketson, Jr., has refused to pay the said A. Marshall Bell the said sum of $2,500, upon the ground that the said A. Marshall Bell does not have the title in fee simple to said premises, but has only a life estate therein under the will of Emma M. Bell, his mother. The question for decision therefore is, whether or not, under the will of said Emma M. Bell, the title in fee simple to said premises became vested in said

devisees; and it is agreed that, if the court be of opinion that title in fee simple did pass to them by virtue of said will, then judgment shall be entered in favor of A. Marshall Bell and against John H. Ricketson, Jr., for the sum of $2,500; otherwise, judgment shall be entered in favor of the defendant. The costs are to follow the judgment, each party reserving the right of appeal.

In said will, the testatrix, after bequeathing certain personal property to her daughter, Mary Marshall Bell, proceeded, "The remainder of my estate I should like divided into three portions, and given one-third to each child." Further along this appears: "In such an event as the death of all my children without heirs, I wish my property divided between my sister's children, those of E. B. M. Denny under no circumstances is money of mine to revert to my husband's family. Let my children in making a will remember this." Also, "In case of the death of any one of the three, without children of his or her own, such property must go to the surviving brother or sister." The final clause of the will is: "But in case of the death of all my children without family and without a will all possessions are to return to my own family, and in no case to revert to the family of my husband."

It appears to us that in the clause of the will first above cited the testatrix did give to each of her three children an estate in fee simple in the land described. It is true that she does not use words of inheritance, but those words are not now necessary. Her intention, as we gather it from the whole will, was to vest in her children estates in fee simple. The question then is, does the subsequent apparent devise over, in case of the death of the first takers, reduce the estates thus granted in fee simple to life estates? We are of opinion that the devise over does not have that effect. We think the proper meaning of the clause under consideration is that the death of the first taker must have taken place in the lifetime of the testatrix, and that the case is ruled by Richards v. Bentz, 212 Pa. 93.

· *Error assigned* was in directing judgment for plaintiff.

*Alexander Gilfillan*, for appellant.

*Charles F. Patterson*, with him *R. H. Hawkins*, for appellee.

PER CURIAM, January 3, 1911:

This judgment is affirmed on the opinion of the court below.